## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JACOB JOHN GIGUERE, #509614,

        Petitioner,

                              Case No. 14-cv-12513

v.

                              Hon. Judith E. Levy

DANIEL HEYNS,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

### I.    INTRODUCTION

Jacob Giguere ("Petitioner"), a parolee residing at the Detroit Reentry Center in Detroit, Michigan, has filed a pro se petition for a writ of habeas corpus challenging his current custody status. Petitioner was convicted of "domestic violence - third offense" in the Dickinson County Circuit Court and was sentenced to 1½ to 3 years imprisonment on April 16, 2012. He was paroled on February 25, 2014. As a condition of parole, he is required to participate in a reentry program

and reside at the Detroit Reentry Center for an unspecified period of time.  His supervision discharge date is April 13, 2015.

Petitioner raises the following claims in his petition:  (1) "direct violation of Ex Post Facto Clause: the Michigan Department of Corrections has violated 18 U.S.C. § 3621(b)"; (2) "adhesion contract: [the] Michigan Department of Corrections intimidated and bullied [him] on his parole date, February 25, 2014, into signing an adhesion contract for placement in the Detroit Reentry Center for the RSAT program or risk revocation of his parole"; (3) "18 U.S.C. § 3621(b) under 28 U.S.C. § 1331 has been directly violated by the Michigan Department of Corrections, Director Heyns and Governor Snyder"; and (4) "the Administrative Procedures Act (APA) has been violated by the Michigan Dept. of Corrections, Director Heyns and Governor Snyder."  Petitioner seeks immediate release, facility and program audits, and compensation.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *Id.; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations which are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking such a review, the Court concludes that this habeas petition must be dismissed.  The Court also concludes that a certificate of appealability and leave to proceed *in forma pauperis* on appeal must be denied.

## II.   DISCUSSION

### A.   Exhaustion

A prisoner filing a petition for a writ of habeas corpus must first exhaust all available state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process");

*Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). While "exhaustion under § 2241 is not a statutory requirement . . . , 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F.3d 804, 810 n. 4 (6th Cir. 2012) (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)).

To satisfy the exhaustion requirement, a Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have "asserted both the factual and legal bases for [the] claim[s] to the state courts. *Id.*; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues, "not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (*citing Hafley v. Sowders*, 902 F.2d 480,

483 (6th Cir. 1990)).   The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In his pleading, petitioner indicates that he filed grievances and letters with the Parole Board concerning his parole and custody status, but was denied relief.  Petitioner does not assert that he pursued any of his habeas claims in the state courts despite the fact that there are state court remedies available to him.  He can challenge his placement at the Detroit Reentry Center by filing a state complaint for a writ of habeas corpus in the Wayne County Circuit Court.  *See* M.C.L §§ 600.4304 and 600.4307; Mich. Ct. R. 3.303.  If he is unsuccessful, he can file an original complaint for a writ of habeas corpus in the Michigan Court of Appeals, *Triplett v. Deputy Warden*, 371 N.W.2d 862, 866 (Mich. Ct. App. 1985), and an application for leave to appeal in the Michigan Supreme Court.  Mich. Ct. R. 7.301-7.302.

Accordingly, petitioner has available state court remedies which must be exhausted before he seeks habeas relief in federal court, and his petition is subject to dismissal.

## B.   Merits

Even if the Court were to ignore the fact that petitioner failed to exhaust state court remedies, the habeas petition is also subject to dismissal on the merits. Petitioner asserts that his parole placement at the Detroit Reentry Center violates the Ex Post Facto Clause, constitutes an adhesion contract and contradicts due process, violates 18 U.S.C. § 3621(b) and 28 U.S.C. § 1331, and runs contrary to Michigan's Administrative Procedures Act.

Petitioner's ex post facto claim lacks merit because his placement at the Detroit Reentry Center is not a punishment. The Ex Post Facto Clause, U.S. Const. Art. 1, § 9 ("No . . . ex post facto law shall be passed."), forbids the government from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (quoting *Cummings v. Missouri*, 71 U.S. 277 (1867)); *see also Garner v. Jones*, 529 U.S. 244, 249-50 (2000). While the Ex Post Facto Clause prohibits "punishment" it does not prohibit state action that is fundamentally rehabilitative. *See Randall v. Cockrell*, 2002 WL 311567704, *2 (N.D. Texas Sept. 25, 2002) (denying relief on habeas petitioner's claim that

his placement at a halfway house and electronic monitoring violated the Ex Post Facto Clause because the program was rehabilitative and not punitive under state law); *Jensen v. Heckler*, 766 F.2d 383, 386 (8th Cir. 1985) (suspension of a noncontractual benefit is not punitive and, thus, does not violate the ex post facto claus); *U.S. ex rel. Neville v. Ryker*, 2009 WL 230524, at *6 (N.D. Ill. January 30, 2009) (parole guidelines that serve a rehabilitative or public safety purpose do not violate the ex post facto clause);  *Gross v. Bowen*, 1988 WL 252067, at *1 (S.D. Texas February 22, 1988) (upholding statute that has a non-punitive purpose).

Petitioner alleges that the MDOC has put in effect "post parole programming required for actual release."  The requirement to be placed in the Detroit Reentry Center, however, is rehabilitative in nature.  *See People v. Leske*, 466 N.W.2d 361, 363 (Mich. App. 1991) (holding that a prisoner would not receive credit for time in a halfway house because of its "manifestly rehabilitative" nature); *People v. Smith*, 1997 WL 33343813, at *1 (Mich. Ct. App. September 19, 1997) (denying credit for time spent in a drug rehab program, "which was rehabilitative, not punitive.")

Even if the Court were to view petitioner's placement in the Detroit Reentry Center as punitive, it could not find that the conditions of his parole violated the Ex Post Facto Clause as they did not change the legal consequences of acts completed before their effective date. *See Crozier v. Chandler*, 129 F.3d 1263, at *2 (6th Cir. 1997) (permitting the Kentucky Parole Board to impose parole conditions after the prisoner has already been released); *Johnston v. Simmons*, 45 F.Supp.2d 1220, 1224 (D. Kansas March 31, 1999) (finding no ex post facto violation where a prison system refuses to decrease a sentence if a prisoner refuses enrollment in a rehab program because there is no increase in the inmate's punishment). Indeed, petitioner has not seen his sentence increased, as his release date from the Reentry Center is set to fall within his initial three-year sentence so his placement there could not be viewed as an unconstitutional extension of his sentence of punishment.

Accordingly, petitioner has failed to establish an ex post facto violation.

Petitioner's adhesion contract and due process claims also lack merit. "There is no constitutional or inherent right of a convicted

person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Prisoners also have no constitutional right to placement in any particular institution within a state prison system even if a transfer subjects the prisoner to substantially less favorable conditions. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976). The Parole Board and the Michigan Department of Corrections have wide discretion to impose restrictions, including residency requirements, upon a prisoner as a condition of release on parole. *See Preston v. Piggman*, 496 F.2d 270, 275 (6th Cir. 1974) ("parole boards have wide discretion in fashioning appropriate conditions of parole, [but] they may not impose restrictions that are arbitrary or unreasonable"). Because there is no deprivation of a protected liberty interest and the conditions of his parole were not arbitrary or unreasonable, petitioner cannot establish a violation of his constitutional rights. *See id.; Patel v. Gonzales*, 470 F.3d 216, 220 (6th Cir. 2006); *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Accordingly, petitioner's adhesion contract and due process claims will be denied.

Petitioner's claims arising from 18 U.S.C. § 3621(b) and 28 U.S.C. § 1331 also lack merit because those provisions of federal law do not apply to state prisoners or their eligibility for parole from state custody.

Finally, petitioner's claim that state officials violated Michigan's Administrative Procedures Act lacks merit because federal habeas relief is unavailable for perceived violations of state law.  *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993).  The habeas petition is thus subject to dismissal.[1]

## III.  CERTIFICATE OF APPEALABILITY AND PROCEEDING *IN FORMA PAUPERIS*

The Court will deny a certificate of appealability.

---

[1]The Court further notes that petitioner is not entitled to habeas relief on any claims challenging the conditions at the Detroit Reentry Center.  Claims concerning the conditions of confinement are not cognizable in a habeas action brought pursuant to 28 U.S.C. §§ 2254 or 2241.  *See Alston v. Gluch*, 921 F.2d 276, 1990 WL 208674 (6th Cir. Dec. 4, 1990); *see also Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006); *Sullivan v. United States*, 90 F. App'x 862 (6th Cir. 2004).  Such claims are more properly raised in a civil rights action brought pursuant to 42 U.S.C. § 1983.  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *See Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should

not be granted leave to proceed *in forma pauperis* on appeal, as any

appeal would be frivolous.  *See* Fed.R.App. P. 24(a).

## IV. CONCLUSION

For the reasons set forth above, petitioner has not exhausted his

habeas claims in the state courts and fails to state a claim upon which

habeas relief may be granted in this petition.

Accordingly, the Court DISMISSES the petition for a writ of

habeas corpus and DENIES a certificate of appealability and leave to

proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.


Dated: September 29, 2014           s/Judith E. Levy
Ann Arbor, Michigan                 JUDITH E. LEVY
                                    United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served
upon counsel of record and any unrepresented parties via the Court's
ECF System to their respective email or First Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on September 29, 2014.

                                    s/Felicia M. Moses

FELICIA M. MOSES
Case Manager